**Meszaros v. VanZanten**

C.P. of Mercer County, no. 2003-661.

*John F. Becker,* for plaintiff.
*M.J. Tindall,* for defendant Sharon Regional Health System.

*Lisa Dauer,* for defendant VanZanten.
*James A. Wood,* for additional defendant Shaffer.

DOBSON, *J.,* Ocotober 7, 2003—This opinion is written in explanation of this court's order of October 6, 2003, overruling additional defendant Lawrence M. Shaffer's preliminary objection in the form of a motion to strike the complaint to join additional defendant on the grounds it was not timely filed. This court believes that the nature of the issue involved requires a formal opinion.

The relevant facts of this matter may be summarized as follows.

Plaintiffs filed their complaint on March 10, 2003. The complaint involves an action for medical malpractice.

The complaint was served on defendant Sharon Regional Health System on March 25, 2003.

Plaintiffs served their certificate of merit on Sharon Regional Health System on April 25, 2003.

Sharon Regional Health System filed a praecipe for a writ to join Shaffer as an additional defendant on June 13, 2003. The complaint to join additional defendant was filed on July 30, 2003.

Shaffer filed preliminary objections to the complaint to join seeking to strike it, inter alia, on the grounds it was not timely filed pursuant to Pa.R.C.P. 2253. Rule 2253 requires praecipes to join additional defendants be filed within 60 days of service of the complaint absent court approval.

Sharon Regional Health System argues that Pa.R.C.P. 1042.4 implicitly modifies Rule 2253.

It is the health system's position that the 60-day period begins to run upon the later of the service of the complaint or the certificate of merit.

This court finds the health system's argument persuasive. Rule 1042.4 provides:

"A defendant against whom a professional liability claim is asserted shall file a responsive pleading within the time required by Rule 1026 or within 20 days after service of the certificate of merit on that defendant, whichever is later." Pa.R.C.P. 1042.4.

If Rule 2253 is strictly construed, then defendants in professional responsibility actions would be required to file complaints to join additional defendants before having to file an answer to the complaint. Such a result would create an absurd situation. The absurdity is increased when one considers the action will be non pros if no certificate is filed. Pa.R.C.P. 1042.6.

The Rules of Civil Procedure are to be liberally construed so as "to secure the just, speedy and inexpensive determination of every action or proceeding to which they are applicable." Pa.R.C.P. 126. In ascertaining the intent of the Supreme Court of Pennsylvania, it is presumed that the court "does not intend a result that is absurd." Pa.R.C.P. 128(a).

Given these considerations, this court holds that complaints to join additional defendants in professional liability actions must be filed within 60 days of service of the complaint or service of the certificate of merit, whichever is later.